You may be seated. The clerk will call the next case. Case number 3-15-0070, People of the State of Illinois, Ethelene v. Jasmine Morton v. Giselle Brown, Appellant v. Jay Wigman. Mr. Wigman, you may proceed. Thank you, Your Honor. Good morning. May it please the Court. Counsel, I am Jay Wigman, an assistant appellate defender with the Office of the State Appellate Defender. Counsel for Giselle Brown, who asserts that his conviction of unlawful possession of a weapon by a felon must be vacated under one act, one crime doctrine, because it is based on the same physical act, that being possession of a gun, as is his conviction of armed violence. The facts of this case are extremely simple, at least as far as this argument is concerned. The defendant was arrested on an unrelated charge. On his possession, he had a gun and he had drugs. Following a bench trial, he was convicted of armed violence, unlawful possession of a weapon by a felon, and unlawful possession of a controlled substance. Notably, the drug charge was merged within the other two charges. Equally simple is the principle at play, and that stems from People v. King, the seminal case in which it was stated that where multiple charges arise out of the same act, a defendant can be convicted and sentenced only on the most serious charge. Under the cases that have followed King, it has been set forth that there is a two-step analysis to be undertaken. The first is to ask the question as to whether or not there were multiple acts involved. If no, then multiple convictions are improper. If yes, it goes to the next step, and the question is, is this a lesser-included offense, one or the other? If yes, then multiple convictions again are improper. If no, then multiple convictions are okay. The second district in 1999 issued an opinion in People v. Williams, and is the most apt case for the situation we are discussing here. In Williams, the courts noted, again, they were dealing with armed violence, they were dealing with unlawful possession of a controlled substance, and the court stated that the common act is the felon possessing guns and drugs simultaneously. And that somewhat notes from the language of the statute governing armed violence, which states that a person commits armed violence when, while armed with a dangerous weapon, he commits a felony, except for certain offenses, and particularly those which involve possession of a gun as an element of the offense. The Williams court stated that there is no separate act. And in a sense, what that reflects is that armed violence essentially requires two acts in a faction, the commission of a felony while one is armed with a gun. And one can't exist without the other in terms of armed violence. Possession of drugs doesn't qualify as armed violence. Possession of a weapon doesn't qualify as armed violence. It's only when the two are committed together. And it is in part for that reason that we seek to distinguish the case of People v. White, a Fourth District case from 2000, which reached the opposite conclusion. But part of the difficulty there is that in that instance, it was viewed as these two offenses together. The question that we are dealing with here, and the way we look at it is that which is required by Miller and Rodriguez, is that first you look to see whether there was a separate act. And you're looking from armed violence to unlawful use of a weapon or unlawful possession of a weapon by a felon. You're unconcerned with the separate act, the commission of the unlawful possession of a controlled substance. White stated that though the acts were simultaneous, they were distinct. But again, those two acts have to be one for armed violence to come into play. I would also note that there is a rather shaky foundation upon which People v. White is constructed. White relied primarily upon four or five separate cases, those being Green, Myers, Dixon, and Segarra. But each of those is easily distinguished because they involve what are clearly two separate acts in each instance. In Green, there were two separate quantities of drugs, one in the right pocket, one in the left pocket. And it was on that basis that the predicate was considered to be different. In Myers, it involved two cuts. In Dixon, it involved two blows, striking against a person. In Segarra, it involved two acts of criminal sexual assault upon the same victim in an episode in which there was no break, there was no diversion from what was happening. So while White found that the fact that the possession was common to both was not this positive, its reliance on these cases distinguishes it from the instant case in which there was simply one act, and that was the possession of a gun. White also noted that there was a status to be had, that the status of being a felon is just that, it's a status. Williams makes it clear that status is not an act. And that again conforms with Rodriguez and Miller and King, which states that an act is an outward or overt manifestation. It is an act. And it's a fairly simple usage of the term and the appropriate use of the term. To rely upon White would require that this court consider the defendant's status as a felon to have been an act that combines with his possession of a gun to distinguish this from armed violence. Essentially, the difficulty with White, by reversing the order and merging these two offenses together, essentially commingling the acts as it were, is that White would effectively make it impossible for, in this situation, there to not be two convictions. It would mandate that there is always armed violence and the separate felony, or in this case, unlawful possession of a weapon by a felon, where a separate felony is committed. We believe that it's more appropriate for this court to treat the conviction of unlawful possession of a weapon by a felon as the trial court treated the underlying possession of unlawful possession of a controlled substance. That being that it was one act, part and parcel, and the court therefore merged it and did not enter a conviction or impose upon that sentence. If there are no questions... Was that the felony upon which the armed violence conviction is predicated? It emerged because it was part of that conviction and found that the other one wasn't. So, I don't know how we can get rid of both of the felonies. Except that it would not have been a felony but for the separate act, if it's viewed as a separate act, of unlawful possession of a weapon by a felon. They can't be separated from one another. And so, to that extent, the argument is that the unlawful possession of a controlled substance is not a separate act, whereas White would hold that it's a separate act. And I suppose what I mean is for White to be consistent in its analysis, then the separate act would also apply to unlawful possession of a weapon by a felon. Okay. From my simple mind, what you're trying to argue under White is that the armed violence conviction is just one conviction, correct? Yes. Period. Right. Okay. Because you're saying that possession of a firearm is a condition of armed violence. Correct. Correct. And at the same time, committing another felony, right? Correct. Which in this case was possession of a drug. Right. Okay. So that they merge together? That's correct. Because your argument is that the felon condition is a status, not an act. It's a status, not an act. And to the extent that it's an act, it's the same act as occurs in armed violence. There is no distinction between the two. So the defendant is being made to serve two convictions and sentences for the same act. It's almost like you want a thin diagram here. You know, I considered that, and it strikes me, like geometry did, that it's not so much the answer that's at play, but how do you get to that answer? And that's where we think that Williams is the more important precedent, in that it talks about starting with the same steps that are set forth in Miller and Rodriguez and other progeny of King. The first question is, is there one act or are there multiple acts? And it proceeds from there. Whereas White seems to conflate the two and merge the two acts and reverse the order in which the question is asked. And it focuses on if these two are not lesser included offenses of each other, then they must be separate acts. That's White. That's White. Yeah. And someone could say, well, the policy is simple. You come up with either two or one, right? Correct. Okay. So a vote on order opinion is White because you come up with three, right? I think it's sensible you do come up with three. At least you came up with two in the instant case. Right. But in White, that argument would allow you to come up with possibly three. It would, and that's one of the unusual aspects of White, is that the, if I recall correctly, the unlawful possession of a controlled substance was not entered as a conviction. Is this case fact-driven at all? Because the search, there was a search later where he was found in possession of drugs. Yes. But he wasn't simultaneously found in possession of both drugs and a firearm. And that was a question that arose at trial. The defendant was arrested in an apartment, cuffed, and searched, and no drugs were found at the time. When was the gun found? The gun was found immediately. On his person or in the apartment? On his person. On his person. All right. And I don't recall exactly if he said, I have a gun, but it was apparent that there was a gun. The drugs, and it was a very small quantity, was not discovered with the initial pat-down, and the officer said that their focus was on the weapon at that stage. He was taken to the police department, and he was searched a second time before he was uncuffed and placed in a room for an interview. It was later, after he was to be transported to the jail, that a different officer came and did a more thorough pat-down and found the drugs. Part of the defense that was raised was that the defendant had found the drugs there, and so it was a separate incident. And the court implicitly rejected that claim and determined that it had to have been on his person at the time that he was arrested. So the question is whether he possessed it at the same time that he had a gun. So the precise time for both offenses or location of both offenses is in the apartment? Yes. Okay. Mr. Wigman, I don't know if you're aware, but we received a letter from the defendant, I think, Revolvin, giving a copy of this from Mr. Brown, indicating some issue that he had asked that you raise at this proceeding. And I don't know if you have seen this. I have not seen that that's addressed to you. I have had discussions with him as to, and they began less than a week ago, I believe, as to certain issues that he wanted raised. And we had discussed that. I was not going to be supplementing the argument at this stage. I don't know if Ms. Norton, if you're aware, he had requested that the issue of a denial of fair trial be issued. We'll get both of you a copy of this since we have it and deal with it in some manner. But I wanted to find out if you were aware that he had sent a letter to us. I was not aware of that. We got it yesterday. Are there any other questions? I don't see any questions. Of course, you're going to have your rebuttal. Thank you. Good morning, Ms. Norton. Good morning. May it please the Court, Your Honors, Counsel. My name is Jasmine Norton. I represent the people of the state of Illinois in this matter. Here, the defendant's conviction of unlawful possession of a weapon by a felon was properly entered and does not violate the one act, one crime doctrine. Now, in reviewing a case like this, we know that one act, one crime requires multiple judgments entered on one act. The defendant's conduct cannot result in multiple convictions or judgments stemming from a single physical act. And to determine this, as counsel said, we can refer to King. And we know that the court must determine whether the defendant's conduct involved multiple acts or a single act. I'll take that piece first. In this case, we see multiple actions that occurred. And the defendant was charged both with possession of a controlled substance, possession of a firearm by a felon, and armed violence. The armed violence charge is based on his possession of a dangerous weapon while on the commission of a felony. The felony was the possession of a controlled substance. Now, these actions are distinct acts. Although they occurred simultaneously, as the court found below, they are distinct in nature. Furthermore, if we move on to the second element of review, if conduct involves multiple acts, which we believe it does, the court must determine whether any of those offenses are lesser included offenses. If we look at the elements of those crimes, we find that in order to be guilty of possession of a firearm by a felon, you have to both have that felon status, and the conviction was shown in court, and you know only possess a firearm. This is distinct from the armed violence charge, where you have to be armed with a dangerous weapon while on the commission of a felony. Here, they share a common act, but a defendant can receive multiple convictions that are permitted based on several acts that occurred despite an interrelationship of those acts. Just because the gun is a common denominator in both charges doesn't mean that multiple acts did not occur, because they did occur in this case, and we find that they have distinct elements in this case. Defendant relies on People v. Williams, and we find that that case was wrongly decided, and White found that it was also wrongly decided. In Williams, it talks about simultaneous... You mean White found it wrongly decided? Correct, found that Williams was wrongly decided. Did you say somebody else found it wrongly decided? The People. Oh, I'm sorry, not wrongly decided. I don't think you found anything. Right, well, we would submit that we believe that Williams was wrongly decided. Williams focuses on the simultaneous possession of the gun qualifying as a single act, and White has explained that simultaneously having drugs and a gun, or any act that involves a gun, is not simultaneously... Although it's simultaneously had, it still qualifies as two distinct acts. The timing has nothing to do with it. For instance, if we had a driver that was texting and driving and ran through a red light, the common denominator would be... So, nonviolence here, and I'm struggling with this, okay? With the truth? Yeah, I need a visual. How many acts are there in the nonviolence that you contend? Two. There's two elements to that charge. There's two elements, right. Okay, which is possession of a firearm... Correct. Simultaneously in committing a felony, correct? Correct. In this case, it was defendant had a firearm and had drugs. Yes. Okay. Why am I seeing three? Is it too simple to say that White sees also being a felon as an act and being a felon is an act in possessing a firearm? Is it two acts, or what? I would say that it considers it being two acts, but White focuses on elements of the charge. The fact that there are two elements that are not the same as the armed violence charge. When we look at what it means to be a lesser included offense, possession of a firearm by a felon would not qualify as a lesser included offense of armed violence, which kind of knocks that argument out that this is actually one act, one crime issue. They are distinct acts, although occurring at the same time, that's not dispositive of it being a one act, one crime violation. Why can't we view it like Mr. Wegman wants us to view it, and that is armed violence is a merger of two crimes, and you can't have convictions for the lesser included crimes? So White speaks to that. It talks about if the defendant was charged with, let's say, possession of armed violence. I'm sorry. Let me ask you a different question. Okay. If the defendant was charged with possession of a firearm, unlawful possession of a firearm, a misdemeanor, not as a felon, just a misdemeanor, and then was also charged with possession of these drugs, and then had a third offense being armed violence, do you think both convictions could stand for the unlawful possession of a firearm and the possession of the drugs? So if I understand Mr. Wegman's argument, if we took the status out, there could not be. Then we have one conviction. Right, because then we have a separate, we have a totally different offense charged differently under the statute. So if it is just possession of a firearm, or just possession of a controlled substance, then that would be considered a lesser included charge, because the elements match up. And the difference in this example is simply because he was charged as felon? Correct. He has an attempted burglary conviction on his record. At the time of the gun and the controlled substance being found on him, he was a convicted felon. So because we have a completely different infraction there that has two distinct elements, the possession of a gun and. . . Do both of the elements for unlawful possession of a firearm as a felon require separate acts? One is status, one is an act of possession. Yes, I believe so. So you don't view it as status being, you view status as being an act. Correct. I view it as being an element of the charge that has to be fulfilled. If he wasn't a convicted felon, then he would have been charged differently. We wouldn't have been able to convict him on that particular charge. The felony status has nothing to do with armed violence. You don't have to be a convicted felon to be found guilty of armed violence. But you do have to have that status to be found guilty of unlawful possession of a firearm by a felon. I understand your argument. I have the same argument for Justice Holtridge. Wonderful. I know it can be a bit confusing when it comes to breaking down what Williams is saying versus what White is saying. White is the later case that disagrees with Williams. But ultimately, the court has been clear in finding that multiple convictions and concurrent sentences should be permitted in cases where the defendant has committed several acts, despite the interrelationship of those acts. The actual gun is the interrelated act, but we still have distinct things that occurred, distinct actions that occurred in this case. One being felon and the other being drugs. Distinct actions. You said there's a commonality in the possession. The commonality is the gun possession. Correct. But the fact that the defendant is charged with the crime of unlawful possession with a firearm requires two elements to be fulfilled. Those elements are not identically shared by what the defendant is referring to as the greater charge, which is armed violence. White is clear on the fact that if we're just talking about possession, absolutely, it's a one-act, one-crime issue. But now that we've added an additional element, there's an added element in this case, it doesn't qualify as the same thing. These are distinct crimes and should be treated as such. If there was no drug possession, do you think the possession of a weapon by a felon under your theory would be, since you say it's two acts and you have to have both elements, that in and of itself is a felony, that that qualifies as the predicate felony for armed violence? He's possessing that gun, and by possessing it, because of the status, he is in the commission of a felony. That's an excellent question. I believe that the way the legislature has interpreted it, refers to a separate felony occurring, which would be more apt to this case in the fact that he has also a controlled substance on him. I believe that's the way the legislature intended it to be interpreted. But by all means, if the defendant has both this felony conviction on his record and is found in possession of a firearm, it could be interpreted as also armed violence. But in this case, we're very clear on the fact that he has a controlled substance, he's a convicted felon, and he also has possession of a firearm. If there are no further questions, we ask that this Court affirm the judgment and convictions in this matter. Thank you. Mr. McMahon? Earlier, I felt like I was back in geometry class in junior high, and listening to the state, I somewhat feel like I've gone back to law school and I'm conjuring up these hypotheticals. And I think that part of the difficulty with White is the extent to which the various statuses implicit in any number of offenses can create a dangerous situation or a situation that gets extremely confusing. So I would start with the status of envisioning somebody who has committed a battery against a senior citizen on housing-funded property. And looking at the myriad number of ways, if White were to be followed, that particularly if this person were a convicted felon and used a gun in doing so, the number of offenses that could be generated from this one single act. And I think that that's the danger that we have with following White's analysis. And we can see that in some simpler situations if you're dealing with, in particular, armed habitual criminal and aggravated unlawful use of a weapon. I think that in that situation you're dealing with the same status, and I think that it's clear that dual convictions for both of those offenses would be prohibited under the One Act, One Crime doctrine. And it wouldn't be considered that the fact that he has this felony status is a separate act in distinguishing the two offenses. And I say that there is a case that came out about a week ago from the First District that dealt with the White analysis and the Williams analysis, or at least with one of those cases, in analyzing the armed habitual criminal. And I haven't had an opportunity to get into depth with that. I'd be happy if the Court is interested to supplement the briefs with it. Is it a published decision? It is a published decision, but within, obviously, the 30 days. Then I'll be happy to supplement the briefs with it. That's an opportunity, and then the Court will give you the opportunity to respond to that as well. I think our general time frame is within 14 days to supplement, and then we'll have seven days to respond. I think even separate from that, the principle remains that the status of the defendant as a felon is not an act. It is not an overt manifestation. It is not any sort of outward demonstration. And it doesn't qualify, if we go back to the Venn diagram from the top-down analysis, there's no separate act that occurred in between armed violence and unlawful possession of a weapon by a felon. It is simply possession of the gun that is the one act that occurs when looking at those. Where lines get blurry is when you enter into the cross-analysis of White and look at the separate act of possession of a controlled substance, without which the armed violence could not occur. And so in that sense, it becomes one act. If I haven't confused things too much further, and if there are no further questions, then I would briefly conclude by asking that this Court vacate the defendant's conviction of and sentence for unlawful possession of a weapon by a felon. I don't see any other questions, so thank you very much. As stated earlier, the clerk will provide copies to both of you of the ex parte letter that we received from the defendant. And with that, we will take the entire matter under advisement, and a decision will be issued to you as soon as possible. And with that, we will stand in recess until 1.15. Thank you.